Deaderick, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted of an assault and battery on one Lewis Foust, in the County Court of Knox county. The defendant below put in a plea oi former conviction under the small offense law, to which the Attorney General replied, and the issue thus made up was submitted to the jury, and a verdict against defendant rendered by them.
Thereupon, defendant entered a rule for a new trial, which was discharged by the Judge. Defendant then asked leave of the Court to file a plea of not guilty, which was refused, and judgment was pronounced upon the verdict of the jury; and defendant tendered a bill of exceptions, and prayed an appeal to this Court.
There was no error in the action of the Court be *26 low. Formerly, doable pleading was not allowed in criminal cases: 2 Yer., 248; 2 Swan, 626. Now, however, a defendant may plead autre fois convict, or former conviction, and be may also enter and rely upon any other plea or pleas that would be a good defense to the indictment: Act of 1860, c. 102, p. 97.
But these pleas should all be relied upon on the same trial, and the privilege of putting in several picas does not give the right to have a separate trial upon each plea.
Let the judgment be affirmed.